UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

    William Wesley Baker,
    d/b/a The Stage Door,

                          Debtor.
_____

Case No. 07-32440
Chapter 13

Appearances:

Anthony Inserra, Esq.
Attorney for Debtor
531 Washington Street, Suite 3401
Watertown, NY 13601

Lynn Harper Wilson, Esq.
Staff Attorney to Chapter 13 Trustee, Mark W. Swimelar, Esq.
250 South Clinton Street, Suite 203
Syracuse, NY 13202

Hon. Margaret Cangilos-Ruiz, U.S. Bankruptcy Judge

MEMORANDUM-DECISION AND ORDER

Before the court is the chapter 13 trustee's ("Trustee") objection to confirmation of the plan filed by William Wesley Baker ("Debtor"). The Trustee alleges that the plan fails the liquidation test of Bankruptcy Code section 1325(a)(4) in that unsecured creditors will not receive as much as they would receive if Debtor's estate were liquidated under chapter 7.[1] At issue is whether the Debtor's right to receive structured payments in the form of an annuity payable pursuant to the settlement of a wrongful death action is exempt. The Trustee's position is premised upon his underlying assertion that the Debtor's interest in the annuity is not exempt and would, therefore, be available to pay creditors if the estate were liquidated under chapter 7. This court has core jurisdiction of this matter pursuant to 28 U.S.C. sections 1334 and 157(a), (b)(1) and (b)(2)(L). For the following reasons, the court overrules Trustee's objection.

1

## BACKGROUND

In 2003, Debtor commenced a wrongful death action for the death of his wife. As part of the settlement of that action in 2004, a third-party insurance company purchased an annuity on Debtor's behalf. Debtor is entitled to structured payments under the annuity contract as follows: 1) $10,000.00 on April 29, 2006; 2) $15,000.00 on April 29, 2009; 3) $25,000.00 on April 29, 2012; 4) $30,000.00 on April 29, 2015; 5) $35,000.00 on April 29, 2018; and 6) $50,000.00 on April 29, 2021.

Debtor filed for relief under chapter 13 of the Code on September 26, 2007. Debtor valued the annuity at $155,000.00 on his list of personal property on Schedule B and claimed it as exempt on Schedule C. Debtor lists average monthly income of $815.00 for himself and average monthly income of $1,011.69 for his current spouse, resulting in a combined average monthly income of $1,826.69. After deducting estimated monthly expenses of $1,726.30, Debtor calculates his monthly net income on Schedule J as $100.39.

Debtor proposes monthly plan payments of $100.00 for a period of 36 months. Since Debtor's income, as determined by calculations made on Form 22C, is below the median family income for a family of comparable size, the applicable commitment period for the Debtor to remain in the plan is 36 months.[2] See 11 U.S.C. § 1325(b)(4). In addition to the monthly plan payments of $100.00, the Debtor includes as a lump sum payment into his plan the structured annuity payment of $15,000.00 payable on April 29, 2009. The total proposed amount of $18,600.00 to be funded into the plan will provide a dividend of 23% to unsecured creditors.

Trustee objects to confirmation pursuant to Code section 1325(a)(4), arguing that the annuity payments are not exempt, and the value of non-exempt property of the estate exceeds the aggregate amount of all claims. Trustee asserts that since creditors would receive 100% of their allowed claims

---

[1] United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2008), hereinafter "Code."
[2] Tables to determine median family income for the Debtor's filing locale are available at www.usdoj.gov/ust.

if the bankruptcy estate were liquidated under chapter 7, Debtor must propose a plan that provides for a dividend of 100% to unsecured creditors.

## DISCUSSION

Under Fed. R. Bankr. P. 4003(b)(1), a party in interest may object to a claimed exemption within 30 days of the conclusion of the meeting of creditors held under Code section 341(a) ("341 meeting"). Trustee timely objected to Debtor's claim of exemption as part of his objection to confirmation of Debtor's plan on December 12, 2007, two days after the conclusion of the 341 meeting. Trustee bears the burden of proving that the exemption was not properly claimed. *See* Fed. R. Bankr. P. 4003(c).

Property of a chapter 13 estate includes property identified in Code section 541, plus property acquired after the commencement of the case but before the case is closed, dismissed or converted. 11 U.S.C. § 1306(a)(1). Code section 541(a)(1) defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Exempt property first comes into the estate and then is exempted out subject to applicable law.

Pursuant to Code section 522(b), the State of New York has elected to establish its own scheme of exemptions for debtors filing bankruptcy as set forth in Article 10-A of the New York Debtor and Creditor Law, N.Y. Dr. & Cr. §§ 1–284 (2009) ("Debtor and Creditor Law"). Debtor and Creditor Law section 282(3)(ii) provides that an individual debtor may exempt "a payment on account of the wrongful death of an individual of whom the debtor was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." N.Y. Dr. & Cr. § 282(3)(ii). Debtor cites this section as the legal basis for exempting the annuity on Schedule C. Debtor did not come forward with any proof to support his entitlement to an exemption under Code section 282(3)(ii). However, section 282, which also incorporates section 3212 of the New York Insurance Law, N.Y. Ins. §§ 101–9901 (2009) ("Insurance Law"), provides a separate, potential basis for the exemption

3

claimed. *See In re Lyons*, 381 B.R. 444, 449–50 (Bankr. S.D.N.Y. 2008). It provides that an individual debtor may exempt from property of the estate "insurance policies and annuity contracts and the proceeds and avails thereof," as directed by Insurance Law section 3212. N.Y. Dr. & Cr. § 282. Debtor cites to this section in his response and the court will consider Insurance Law section 3212 as an alternative basis for the exemption claimed.

Insurance Law section 3212(d)(1) specifies the standard for an annuity exemption as follows: "[t]he benefits, rights, privileges and options which, under any annuity contract are due or prospectively due the annuitant, who paid the consideration for the annuity contract, shall not be subject to execution." N.Y. Ins. § 3212(d)(1). *See also In re Lynch*, 321 B.R. 114, 116 (Bankr. S.D.N.Y. 2005) (*citing In re Tappan*, 277 B.R. 491, 491–92 (Bankr. W.D.N.Y. 2002)).

Insurance Law section 3212(d)(1) applies where the annuitant is deemed to have "paid the consideration for the annuity contract." N.Y. Ins. § 3212(d)(1). Trustee argues that the third-party insurance company, as the admitted owner that set up the annuity contract in settlement of the wrongful death action, paid the consideration for the annuity and, therefore, Debtor is unable to apply any exemptions to the policy itself. However, the language of Insurance Law section 3212(d)(1) "speaks not simply to the payment of an annuity premium, but broadly to the payment of consideration." *Lyons*, 381 B.R. at 450 (*citing Tappan*, 277 B.R. at 492). By releasing his wrongful death claim, Debtor in effect paid consideration for the annuity contract of which he is a beneficiary and Insurance Law section 3212(d)(1) applies. *See Tappan*, 277 B.R. at 492 ("Others may be said to have paid consideration, but such characterization will not negate the debtor's entitlement to exempt rights under an annuity contract for which [the debtor] also paid consideration.").

Payments under annuity contracts are fully exempt under Insurance Law section 3212(d)(1), unless a court, in its discretion, orders that payments be made to a judgment creditor pursuant to Insurance Law section 3212(d)(2). *Lyons*, 381 B.R. at 452. This section permits a court to "order the

4

annuitant to pay to a judgment creditor or apply on the judgment in installments, a portion of such benefits that appears just and proper to the court, with due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him." N.Y. Ins. § 3212(d)(2). A "judgment creditor" as used in Insurance Law section 3212(d)(2) includes any party in interest in a bankruptcy case. *Lyons*, 381 B.R. at 452.

Here, Debtor has proposed a plan that voluntarily includes the $15,000.00 annuity payment that he expects to receive during his plan term, a sum that would be fully exempt absent court order under Insurance Law section 3212(d)(1). This court declines to exercise its discretion under Insurance Law section 3212(d)(2) to require that Debtor pay into the plan any additional annuity benefits he expects to receive outside of the 36 months of his plan.[3]

### CONCLUSION

For the foregoing reasons, the court overrules Trustee's objection and concludes that Debtor may claim as exempt the remaining $140,000.00 of annuity payments not included in Debtor's proposed plan. Trustee is directed to submit a standard order of confirmation in accordance with this decision.

So ordered.

Dated: March 30, 2009
Syracuse, New York

Hon. Margaret Cangilos-Ruiz
U.S. Bankruptcy Judge

---

[3] The court notes that annuities are often a form of retirement income. Debtor lists only two retirement accounts on his schedules that total $45,075.14. There has been no showing that the Debtor structured the payments under the annuity contract with the intent of avoiding payment to creditors nor other basis presented for the court to exercise its discretion to invade the annuity.

5